## 33971. BROUGHTON v. WEST et al.

BOWLES, Justice.

This appeal is from a judgment granting appellees' motion for a directed verdict in an equitable proceeding for fraud and to clear title to land.

Appellant filed a complaint in equity alleging that forty years before the filing of his lawsuit he purchased a certain tract of land in Fulton County and built a house thereon. He further alleged that appellees sought to deprive appellant of this property, and to this end, purchased a tax deed on the property; that appellant tendered cash in satisfaction of the tax deed under the right of redemption, which tender was refused; and that the tax deed was invalid for the further reason that notice was not properly given and the knock-down sale was irregular. Appellant asked that he be declared the sole owner of the property and for money damages.

Appellees answered, denying all essential allegations of the complaint.

The case came on for trial. There was no dispute that appellant's right to redeem the property ended on January 12, 1977. After hearing all of the evidence, the

trial judge directed a verdict, finding that no tender of redemption money had been made on or before January 12, 1977.

On appeal, appellant enumerates four errors. We affirm.

1. The threshold issue before the trial court was whether tender had been made. In reviewing the undisputed evidence presented to us on appeal, we find that no tender was made, nor was tender waived by appellees. The verdict for appellees was demanded under the facts of this case.

2-4. Code Ann. § 92-8314 provides: "After notice to foreclose the right of redemption, as hereinabove required and provided for, shall have been given, no suit at law, or bill in equity, shall be filed, allowed, sanctioned or maintained for the purpose of setting aside, canceling, or in anywise invalidating the tax deed referred to in such notice, or the title conveyed by said tax deed, unless and until the plaintiff in said suit or bill in equity shall pay, or legally tender, to the grantee in said deed, or the heirs, successors or assigns of said grantee, as the case may be, the full amount of the redemption price for said property, as hereinabove fixed and determined; unless it shall clearly appear that the tax or special assessment for the collection of which the execution under or in obedience to which said sale was held was not due at the time of said sale, or that service or notice was not given as required herein."

Appellant did not claim that he was not given notice of the right to redeem. Therefore, as there was no showing of tender of the redemption money, it was not error for the trial court to sustain appellees' objections to the admission of appellant's evidence tending to show fraud by appellees.

*Judgment affirmed. All the Justices concur.*

Argued September 18, 1978 — Decided January 5, 1979.

*Irwin M. Levine, Leigh R. Bodner,* for appellant.
*Marvin P. Nodvin,* for appellees.